IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-00657-WJM-KLM

LILLEBABY, LLC,

    Plaintiff,

v.

BOBA, INC., d/b/a Beco Baby Carrier,

    Defendant.
_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Unopposed Motion to Stay Pending Completion of International Trade Commission Investigation** [#12] (the "Motion"). Defendant seeks, and Plaintiff does not oppose, an Order from the Court that (1) stays this action pursuant to 28 U.S.C. § 1659(a) pending completion of U.S. International Trade Commission ("ITC") Investigation No. 337-TA-1154; and (2) permits Defendant to answer or otherwise respond to the Complaint [#1] within thirty days after the stay is lifted. *Motion* [#12] at 1. The federal statute relied on by Defendant provides that:

> In a civil action involving parties that are also parties to a proceeding before the United States International Trade Commission under section 337 of the Tariff Act of 1930, at the request of a party to the civil action that is also a respondent in the proceeding before the Commission, *the district court shall stay*, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission, but only if such request is made within --
>
> (1) 30 days after the party is named as a respondent in the proceeding

before the Commission, or

(2) 30 days after the district court action is filed, whichever is later.

28 U.S.C. § 1659(a) (emphasis added). Defendant states that ITC Investigation No. 337-TA-1154 involves the same parties and patents at issue in this civil action. *Motion* [#12] at 1. Defendant further states that the ITC instituted the investigation, naming Defendant as a respondent, on April 4, 2019. *Id.* at 1-2. Therefore, Defendant's request is within time frame contemplated by the statute and the requirements of the statute are satisfied. *See In re Princo Corp.*, 478 F.3d 1345, 1355 (Fed. Cir. 2007) ("Since the [ITC] proceedings here are still ongoing, [28 U.S.C. § 1659(a)] requires a stay of the pending district court infringement proceedings if the requirements of the statute are otherwise satisfied."). Accordingly, given that a stay pursuant to 28 U.S.C. § 1659(a) is not discretionary,

IT IS HEREBY **ORDERED** that the Motion [#12] is **GRANTED**. This case is **STAYED** pursuant to 28 U.S.C. § 1659(a) until a final determination of the ITC is issued regarding ITC Investigation No. 337-TA-1154. Defendant shall answer or otherwise respond to the Complaint [#1] **within thirty days of the Court lifting the stay**.

IT IS FURTHER **ORDERED** that the Scheduling Conference set for June 18, 2019 at 10:00 a.m. is **VACATED**.

Given the uncertainty as to how long it may be until the ITC proceeding is resolved, this case is eminently well suited for administrative closure, subject to opening for good cause. *See* D.C.COLO.LCivR 41.2 ("[a] district judge or a magistrate judge exercising consent jurisdiction may order the clerk to close a civil action administratively subject to reopening for good cause"); *Juul Labs, Inc. v. The Electric Tobacconist, LLC*, No. 18-cv-

02995-WJM, Docket No. 10 (D. Colo. December 27, 2018) (adopting recommendation to administratively close case on parties' motion to stay pursuant to 28 U.S.C. § 1659(a)). Accordingly,

IT IS HEREBY **RECOMMENDED** that this case be **administratively closed** pursuant to D.C.COLO.LCivR 41.2 subject to reopening for good cause, including a final determination by the ITC.

IT IS FURTHER **ORDERED** that the parties shall provide a Status Report **within fourteen days of the resolution of the ITC proceeding**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: April 29, 2019

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge